UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
DALE ROBERT JAVINO,

Plaintiff,

-against-

MEMORANDUM & ORDER
06-CV-1245(JS)(MLO)

TOWN OF BROOKHAVEN, BRIAN X. FOLEY, Town Supervisor, TWO UNKNOWN BROOKHAVEN ENFORCEMENT OFFICIALS ONE NAMED MACCABEE, NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, MARK E. SIMMONS, MASTIC BEACH PROPERTY OWNERS ASSOCIATION AND ALL THEIR MEMBERS AND OTHERS who will be gleaned through discovery,

Defendants.
-----------------------------------X

APPEARANCES:

For Plaintiff: Dale Robert Javino, pro se
111 Yuma Lane South
East Islip, New York 11730

For Defendants:

Town of Brookhaven, Brian X. Foley, and Two Unknown Brookhaven Enforcement Officers One Known As Maccabee: Peter J. Biging, Esq.
Daniel Edward Bryer, Esq.
Lewis, Brisbois, Bisgaard, & Smith, LLP
199 Water Street, Suite 2500
New York, New York 10038

New York State Department of Environmental Conservation and Mark E. Simmons: Simon D. Wynn, Esq.
NYS Department of Law
120 Broadway
New York, New York 10271

Mastic Beach Property Owners Association: No Appearance

SEYBERT, District Judge:

## INTRODUCTION

On March 27, 2007, this Court dismissed Dale Robert Javino's ("Plaintiff") Complaint with leave to file an Amended Complaint addressing the jurisdictional deficiencies noted in the original Complaint. Plaintiff filed an Amended Complaint on May 15, 2007, alleging essentially the same claims as in his original Complaint. Pending before the Court are two motions to dismiss. One is brought by John Turner ("Turner"), Director of the Department of Environmental Protection for the Town of Brookhaven, Brian X. Foley ("Foley"), Town Supervisor for the Town of Brookhaven, Walter Maresco ("Maresco") and Kevin Maccabee ("Maccabee"), Brookhaven Senior Inspectors, and the other is brought by Denise M. Sheehan ("Sheehan") and Alexander Pete Grannis ("Grannis"), past and present Commissioners of the New York State Department of Environmental Conservation ("DEC"), and Mark E. Simmons, DEC Officer (collectively, the "DEC Defendants"). For the reasons below, the Court GRANTS Defendants' motions to dismiss.

## BACKGROUND

The facts of this case are discussed in detail in the Court's March Order. In brief, Plaintiff owns residential land in the town of Brookhaven. (Complaint "Compl." ¶ 1.) On March 16, 2006, Plaintiff and a friend delivered a truckload of beans to a public roadway adjoining Plaintiff's property. At some point, a

group of local residents surrounded Plaintiff's truck to demand an explanation of what Plaintiff and his friend were doing. Plaintiff explained that he was unloading his truck so he could plant the beans on his property the next day.

Shortly thereafter, the police arrived and told Plaintiff to move the beans off the dirt road and onto Plaintiff's property. Plaintiff protested, claiming that part of the dirt road belonged to him, but the police again told Plaintiff to move the bean bags. (Id. ¶ 11.) Later that evening, Simmons arrived and issued two notices of hearings to Plaintiff. The first notice stated that Plaintiff deposited an "unwholesome substance on a highway," and the other stated that Plaintiff conducted regulated activity on a "tidal wet land without a permit." (Id. ¶ 12.)

At around 7:30 p.m., Foley arrived with a television crew. The crew filmed the scene and discussed it as an illegal nighttime dumping. Plaintiff asserts that people constantly ridicule him because of the television footage. (Id. ¶ 13.)

Inspectors Maccabee and Maresco eventually arrived at the scene. Inspector Maccabee issued nine appearance tickets to both Plaintiff and his friend for: (1) not having a certificate of occupancy of a waste transfer facility, (2) litter, (3) litter, (4) causing a public safety condition, (5) no wet land permit, (6) no site plan, (7) obstruction, (8) private disposal area, and (9) dumping. Plaintiff claims these violations were improperly issued

because his property is not described as a wetland and is zoned for residential occupancy. Plaintiff contends that he did not need a permit to grow beans.

Plaintiff commenced this action on March 20, 2006 alleging a Section 1983 claim for regulatory taking and a common law defamation claim against Foley. On March 27, 2007, this Court dismissed the Complaint in its entirety and held that the Court did not have jurisdiction over Plaintiff's regulatory taking claim because Plaintiff failed to obtain a decision from a local land use authority and failed to exhaust his administrative remedies. Because Plaintiff's federal claim was not ripe, this Court declined to exercise supplemental jurisdiction over the state law claim. Recognizing that Plaintiff was proceeding pro se, this Court granted Plaintiff an opportunity to amend his Complaint to address the jurisdictional defects noted in the original Complaint. Plaintiff filed an Amended Complaint on May 15, 2007, but did not allege any facts in the new Complaint establishing that Plaintiff attempted to comply with jurisdictional prerequisites. Although Plaintiff's Complaint is difficult to decipher, it appears to allege a "regulatory taking" cause of action against Turner, a defamation claim against Foley, an unknown cause of action against Maccabee and Maresco for "prevent[ing] the innocent usage of simply planting beans on [Plaintiff's] property," a deprivation of civil rights claim against Sheehan and Grannis, a constitutional claim

against Simmons seeking injunctive relief from issuing any further violation notices, an unknown cause of action for punitive damages against the Mastic Beach Property Owners Association for making statements that "attack[ed] [Plaintiff] personally," and a claim of defamation against Cablevision.

**STANDARD OF REVIEW**

I. Rule 12(b)(1)

Under Rule 12(b)(1), a defendant can facially attack a complaint and contest the sufficiency of the pleadings, or can factually attack the complaint and assert that the court lacks jurisdiction based on the facts as alleged. See Tasini v. N.Y. Times Co., Inc., 184 F. Supp. 2d 350, 353 (S.D.N.Y. 2002) (citing Sniado v. Bank Austria AG, 00-CV-9123, 2001 WL 812236, at *1 (S.D.N.Y. Jul. 18, 2001)); see also Greater N.Y. Hosp. Assoc. v. United States, 98-CV-2741, 1999 WL 1021561, at *4 (S.D.N.Y. Nov. 9, 1999). The material a court may review depends upon the type of attack being made. Harriman v. I.R.S., 233 F. Supp. 2d 451, 456 (E.D.N.Y. 2002). When a defendant claims a plaintiff failed to allege facts required for jurisdiction, a "court should review the complaint, deeming all averments as true, for sufficiency." Id. at 457. If a defendant factually challenges the allegations in a complaint, a court "may consider affidavits and other material beyond the pleadings to resolve the jurisdictional question." Id.; see also Araujo v. John Hancock Life Ins. Co., 206 F. Supp. 2d 377

(E.D.N.Y. 2002) (citing Robinson v. Gov't of Malaysia, 269 F.3d 133, 141 n. 6 (2d Cir. 2001)). Truth of the allegations in the complaint is not presumed, but "rather, the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts." Tasini, 184 F. Supp. 2d at 353-54 (quoting Guadagno v. Wallack Ader Levithan Assoc., 932 F. Supp. 94, 95 (S.D.N.Y. 1996), aff'd, 125 F.3d 844 (2d Cir. 1997) (citations omitted)).

II. Rule 12(b)(6)

In Bell Atl. Corp. v. Twombly, –- U.S. –-, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court disavowed the half-century old standard set forth in Conley v. Gibson that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), (overruled by Bell Atl. Corp., 127 S. Ct. 1955 (2007). Holding that "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough," the Supreme Court expressly rejected the standard in favor of a requirement that the plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp., 127 S. Ct. at 1969, 1974. The Court explained that the complaint "must be enough to raise a right to relief above the speculative level."

Id. at 1965. To be clear, Bell Atlantic does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

The Second Circuit has interpreted Bell Atlantic to require “a flexible ‘plausibility standard,” which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.” Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). In applying this new standard, the district court must still accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005).

The Court recognizes that pro se plaintiffs are entitled to a more liberal pleading standard. Nonetheless, pro se plaintiffs must still comport with the procedural and substantive rules of law. See Colo. Capital v. Owens, 03-CV-1126, 2005 U.S. Dist. LEXIS 5219, at *9 (E.D.N.Y. Mar. 16, 2005).

## DISCUSSION

### I. DEC Defendants Are Immune From Suit

In the March Order, the Court discussed at length that the DEC is immune from suit by the Eleventh Amendment, and consequently dismissed Plaintiff’s action against DEC with

prejudice. Plaintiff attempts to circumvent this immunity by bringing an action against the past and present commissioners of DEC. However, state officials sued in their official capacity are similarly protected by Eleventh Amendment immunity. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (holding that the Eleventh Amendment protects both states and state officials, acting in an official capacity, from suits for damages brought pursuant to 42 U.S.C. § 1983). Accordingly, Plaintiff may not bring a claim for monetary damages against the DEC commissioners. The Court dismisses with prejudice the DEC Defendants from this action.

In his Amended Complaint, Plaintiff also seeks injunctive relief against Simmons against the further issuance of violations. Plaintiff may appropriately sue a state official in his or her official capacity for injunctive relief. In such claims, the state official is "a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (internal quotations and citations omitted). Although Plaintiff's action for injunctive relief is not barred by the Eleventh Amendment, it must still be dismissed because Plaintiff has not established that Simmons violated Plaintiff's constitutional rights. Simmons issued Plaintiff an appearance ticket which stated, "This notice is to give you the opportunity to

settle this matter administratively at the above location and time . . . . Your failure to appear may result in criminal charges being filed, or an administrative "Notice of Hearing" being issued." As the Second Circuit noted, such appearance tickets do not violate any constitutional rights and do not deprive the receiver of property without due process of the law. See Bonide Prods. v. Cahill, 223 F.3d 141, 146 (2d Cir. 2000). Since Plaintiff was not "coerced into paying . . . money" or deprived of property by the ticket, he lacks standing to assert a claim for injunctive relief against Simmons. Id.

II. Plaintiff's Regulatory Taking Claim Is Not Ripe

As this Court stated in the March Order, Plaintiff's regulatory taking claim is not ripe because Plaintiff has not obtained a final decision from any local authority nor has he exhausted the variance process available to him with the local town agencies. Plaintiff's Amended Complaint is virtually identical to the original Complaint, and does not allege any facts which would cure this jurisdictional defect. In fact, in his opposition papers, Plaintiff states that he does not believe that he needs to contact any local or state authorities. However, as the Court stated in its March Order, federalism requires a final decision from a local authority because land use disputes are a local concern best resolved by local authorities. See Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 347-48 (2d Cir. 2005). For

this reason, the Court dismisses Plaintiff’s regulatory taking claims.

III. The Court Declines To Exercise Supplemental Jurisdiction

The Court again declines to exercise jurisdiction over Plaintiff’s state law claims of defamation because the Court finds that Plaintiff’s federal claims are not ripe for adjudication. See Crab House of Douglaston, Inc. v. Newsday, Inc., 418 F. Supp. 2d 193, 214 (E.D.N.Y. 2006).

IV. Leave To Amend

Because Plaintiff is proceeding pro se , the Court grants Plaintiff one final opportunity to amend his Complaint. Plaintiff may file an Amended Complaint only if he can demonstrate that a local authority reached a final decision on Plaintiff’s land use issues. Once Plaintiff has obtained a decision from a local authority, he may move to re-open this case. If Plaintiff chooses to file a second Amended Complaint without first exhausting his administrative remedies, Plaintiff’s second Amended Complaint will be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, the Court dismisses the Complaint with leave to re-open after Plaintiff has exhausted his administrative remedies.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
March 4, 2008